# UNITED STATES DISTRICT COURT
## for the
### Middle District of Georgia

| | |
|---|---|
| United States of America<br>v.<br>Joseph Ballard | Case No: 5:19-CR-00076-001<br>USM No: 01612-120 |
| Date of Original Judgment: 11/09/2021<br>Date of Previous Amended Judgment: 11/15/2021<br>*(Use Date of Last Amended Judgment if Any)* | Kenneth Ronald Smith<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

Joseph Ballard was originally sentenced on November 4, 2021, to a term of 151 months custody followed by a three-year term of supervised release, for the offense of Possession with Intent to Distribute Heroin. His total offense level of 29 and a criminal history category of VI, yielded an advisory sentencing range of 151 to 188 months. He had a total criminal history score of nine (9); however, the defendant was designated as a Career Offender. Pursuant to USSG §4B1.1(b), a career offender's criminal history category is a VI.

Amendment 821 to the *United States Sentencing Guidelines*, now provides that a defendant with seven (7) or more criminal history points should receive one additional point (instead of two points) for being under a criminal justice sentence when the instant offense was committed. Further, Part B, subchapter 1 of Amendment 821 provides an eligible defendant with a two-level reduction under the newly created provision found at USSG § 4C1.1(a), if the defendant did not receive any criminal history points from Chapter 4, Part A. In this case, neither reduction applies, as the defendant's criminal history category was determined and controlled by his designation as a Career Offender. Therefore, his sentencing range does not change. Pursuant to USSG § 1B1.10(a)(2), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2), where the amendment does not have the effect of lowering the defendant's applicable guideline range. Because the defendant's advisory sentencing range remains unchanged, his Motion to Reduce Sentence is DENIED. Further, the defendant's request for court appointed counsel is DENIED for the reasons stated above.

Except as otherwise provided, all provisions of the judgment dated 11/09/2021 shall remain in effect.

**IT IS SO ORDERED.**

Order Date: 4/4/24

Effective Date: _____
*(if different from order date)*

Tillman E. Self, III, U.S. District Judge
*Printed name and title*