IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSEPH BALLARD, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:19-cr-076-TES-CHW-1 |
| | : | Case No. 5:24-cv-268-TES-CHW |
| UNITED STATES OF AMERICA, | : | 28 U.S.C. § 2255 |
| | : | |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Before the Court is the Government's motion to dismiss Petitioner Joseph Ballard's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, it is **RECOMMENDED** that the Government's motion (Doc. 77) be **GRANTED** and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 74) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

**BACKGROUND**

On November 13, 2019, Petitioner was indicted for one count of Possession with Intent to Distribute Methamphetamine, one count of Possession with Intent to Distribute Heroin, one count of Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, one count of Possession of a Firearm by a Convicted Felon, and one count of Simple Possession of a Controlled Substance. (Doc. 1). With the assistance of counsel, Petitioner pled guilty to one count of Possession with Intent to Distribute Heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Docs. 42, 43). The Plea Agreement explained that this count carried a maximum term of twenty (20) years, a maximum fine of $1,000,000, and at least three years of supervised supervision. (Doc. 43, p. 2–3).

1

Although he faced a maximum prison sentence of 20 years, or 240 months, Petitioner's sentencing guideline range was 151 to 188 months based upon a total offense level of 29 and a criminal history category of VI. (Doc. 60, ¶ 83–84). The Presentence Investigation Report (PSR) classified Petitioner as a career offender under U.S.S.G. § 4B1.1,[1] which counted three prior felony convictions—one for possession with intent to distribute cocaine, one for voluntary manslaughter, and one for aggravated stalking and terroristic threats. (*Id*, ¶¶ 26, 37, 42, 44). The PSR explained that without the career offender classification, Petitioner's criminal history category would be IV because his criminal history score was nine. (*Id.*, ¶ 50). Petitioner filed three objections to the PSR, in one of which he argued that his prior convictions of voluntary manslaughter and possession with intent to distribute cocaine qualify as a single sentence and therefore do not qualify Petitioner as a career offender. (Doc. 60-1, p. 1–2). The Probation Office responded that the two convictions "were separated by an intervening arrest and warrant consideration as separate sentences." (*Id.*, p. 2). The Court sentenced Petitioner to 151 months imprisonment, and amended judgment was entered on November 15, 2021. (Doc. 66). Petitioner did not directly appeal his sentence.

On July 29, 2024, almost three years after he was sentenced, Petitioner, *pro se*, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 74). The Government moved to dismiss Petitioner's Section 2255 motion. (Doc. 77). The Court ordered Petitioner to file a response (Doc. 78) to the Government's motion, but Petitioner failed to do so.

In his Section 2255 motion, Petitioner again argues that he was erroneously classified as a career offender. (Doc. 74, p. 4). As explained below, Petitioner's Section 2255 motion is untimely,

---

[1] "Under [U.S.S.G. §] 4B1.1(a), a defendant is classified as a career offender if: (1) he was at least 18 years old at the time he committed the instance offense; (2) the instant offense is a felony that is either a 'crime of violence' or a 'controlled substance offense'; and (3) he had at least 2 prior felony convictions for either a crime of violence or a controlled substance offense'" *United States v. Metzler*, No. 22-13759, 2023 WL 5746643, *1 (11th Cir. Sept. 6, 2023).

2

and no tolling provisions apply to his case. Further, Petitioner's Section 2255 motion is barred by his valid appeal and collateral attack waiver and is subject to procedural default. Finally, Petitioner's sole claim that he erroneously received a career criminal sentencing enhancement is not cognizable on this Section 2255 motion. The Government's motion to dismiss should be granted, and Petitioner's Section 2255 motion should be dismissed.

## DISCUSSION

### I. Petitioner's Section 2255 Motion is Untimely.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted on April 24, 1996, was created primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions by adding a one-year limitation period for the filing of habeas corpus petitions. "The purpose of AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of [the Supreme Court of the United States's] habeas corpus jurisprudence." *Hohn v. United States*, 524 U.S. 236, 264–65 (1998) (Scalia, J., dissenting). In pertinent part, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The triggering date applicable to this case is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Because Petitioner did not directly appeal his conviction or sentence, his judgment of conviction became final when the time for filing a direct appeal expired. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). According to the Federal Rules of Appellate Procedure in effect at the time of Petitioner's sentencing, Petitioner had fourteen days after the entry of judgment to file a notice of appeal. *See, e.g.*, FED. R. APP. P. 4(b)(1)(A)(i). Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment of conviction became final on November 29, 2021, fourteen days after his amended judgment of conviction was entered on November 15, 2021. Absent tolling, the time for collateral review of that conviction expired a year later, on November 28, 2022. Because Petitioner filed this Section 2255 motion in July 2024—more than one year and eight months after the limitation period expired—his motion is untimely, and thus subject to dismissal under 28 U.S.C. § 2255(f)(1).

Petitioner's Section 2255 motion is not rendered timely by equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). Petitioner does not make any argument that his Section 2255 motion is saved by equitable tolling, and the record establishes that Petitioner is not entitled to it. Petitioner's only motion between his date of judgment on November 15, 2021, and his July 29, 2024, Section 2255 motion was a motion to reduce sentence and appoint counsel. (Doc. 70). The record gives no indication that "extraordinary circumstances" warranting equitable tolling are present. *E.g., Lawrence v. Florida*, 421 F.3d 1221,

4

1226 (11th Cir. 2005) ("Equitable tolling . . . is available when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations and citations omitted)). Therefore, Petitioner's Section 2255 motion is not rendered timely due to equitable tolling.

> II.  **Petitioner's Section 2255 Motion is Barred by the Valid Collateral Attack Waiver in His Plea Agreement.**

In his sole ground for relief, Petitioner asserts only that, "I received an 'ACCA' enhancement. They used offenses that were over 20 years old. If I did not receive criminal history points for them they should not be used to determine ACCA." (Doc. 74, p. 4). This claim is a sentencing challenge that is barred by the sentence-appeal waiver in Petitioner's plea agreement. (Doc. 77, p. 9).

Petitioner's plea agreement provides in relevant part that Petitioner "waives any right to collaterally attack [his] conviction under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that [Petitioner] shall retain the right to bring a claim of ineffective assistance of counsel." (Doc. 43, p. 4). Petitioner initiated each page of the plea agreement and signed his understanding of the agreement on the last page. The question for the Court then is whether Petitioner made the collateral attack waiver knowingly and voluntarily. *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014). For the waiver to be enforced, "the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *Id.* (internal quotations and citation omitted).

In this case, the Court specifically questioned Petitioner about the collateral attack waiver provision in the plea agreement. The Court asked first whether Petitioner understood that the plea agreement contained a collateral attack waiver, and that Petitioner could not "pursue any collateral review of [his] sentence except for very limited reasons." (Doc. 75, p. 13). Petitioner responded that he understood. (*Id.*). The Court asked next whether, having understood that, he "freely and voluntarily waive[d] [his] right to appeal and any right to seek collateral review of [his] sentence except as set forth in the plea agreement." (*Id.*). Petitioner responded affirmatively. (*Id.*). Petitioner makes no allegation that he did not fully understand that he was waiving his right to collateral attack or that he in any way did not understand the waiver. Further, Petitioner, through counsel, signed a post-sentencing waiver of appeal acknowledging that Petitioner had discussed his rights with his counsel and that Petitioner wished to waive an appeal. (Doc. 65). Therefore, the collateral attack waiver in Petitioner's plea agreement is valid and precludes his sole ground for relief. *E.g.*, *Demello v. United States*, 623 F. App'x 969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver is entered into knowingly and voluntary and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collaterally attacking a sentence . . . ."). Because Petitioner's challenge is to his career criminal sentencing enhancement, and not an ineffective assistance of counsel claim, his sole ground for relief is barred by the valid collateral attack waiver in his plea agreement.

### III.    Petitioner's Sole Ground for Relief is Subject to Procedural Default

Petitioner's assertion that he erroneously received an "ACCA" enhancement is subject to procedural default. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225,

6

1234 (11th Cir. 2004) (collecting cases). The procedural default rule "generally applies to all cases, including constitutional claims." *Id.* (emphasis added). Procedural default may be excused, however, if Petitioner shows either: (1) cause and prejudice, or (2) actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Lynn, 265 F.3d at 1234). Cause and prejudice "requires a showing of some external impediment preventing counsel from constructing or raising the claim," and "the errors . . . worked to [Petitioner's] actual and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982).

As cause for his failure to raise this ground on direct appeal, Petitioner states only that "my attorney chose not to." (Doc. 74, p. 4). Petitioner does not provide any support or case law as to why this should constitute cause. Because Petitioner has failed to establish cause for failure to raise his claims earlier, the Court need not consider whether he suffered any prejudice, although Petitioner has failed in this showing as well. As for actual innocence, Petitioner does not allege anywhere that he is factually innocent of the charges. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Rather, he states only that the career criminal enhancement was improperly applied.

It is undisputed that Petitioner did not file a direct appeal, and no exception to the procedural default rule applies. His sole ground for relief could have been addressed on direct appeal, but Petitioner failed to do so. "The fact that [Petitioner] voluntarily waived his appellate rights is not cause to overcome the procedural defect." *Troup v. United States*, No. 1:21-CR-0215-SCJ, 2024 WL 4182921, *3 (N.D. Ga. Sept. 13, 2024) (citing *Lynn*, 365 F.3d at 1235); *see, e.g., Ware v. United States*, No. 09-60185-CIV, 2009 WL 2567023, *5 (S.D. Fla. May 14, 2009) (explaining that the movant was procedurally barred from raising for first time in a Section 2255 motion grounds that he did not raise on direct appeal because "he cannot utilize [S]ection 2255 as

7

a vehicle through which to evade the consequences of the appeal waiver"). Because Petitioner failed to raise it on direct appeal, Petitioner's claim is subject to procedural default.

### IV.     Petitioner's Claim is Not Cognizable Under Section 2255

Finally, the Government argues that Petitioner's Section 2255 motion should be dismissed because Petitioner's sole claim is not cognizable under Section 2255. Petitioner is entitled to relief under Section 2255 upon a showing that the Court imposed a sentence that was "in violation of the Constitution or laws of the Unted States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. "Section 2255 does not provide a remedy for every alleged error in conviction or sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014).

A sentencing guideline miscalculation does not create a miscarriage of justice that is cognizable in a Section 2255 motion. *Brown v. United States*, 688 F. App'x 644, 651 (11th Cir. 2017) ("'[A] misapplication of advisory sentence guidelines' is not reviewable under § 2255") (citing *Spencer v. United States*, 773 F.3d 1132, 1138-1140 (11th Cir. 2014)). Only when a prisoner is "actually innocent of his crime . . . or a prior conviction used to enhance his sentence has been vacated" will a sentencing error "result[] in a complete miscarriage of justice." *Spencer*, 773 F.3d at 1139. "This is because the Guidelines are merely advisory and any error in calculating the Guidelines produces neither an illegal sentence in excess of the statutory maximum penalty nor a sentence that could not be reimposed at sentencing." *Brown*, 688 F. App'x at 651 (citing *Spencer*, 773 F.3d at 1139–40). Petitioner's sentence falls below this threshold, as he was sentenced to serve 151 months, a sentence below the 20-year statutory maximum penalty and a sentence that could be reimposed by the Court. "Furthermore, the extent of an increase to a defendant's Guidelines

range [from a misapplied] Guidelines provision, including the misapplication of the career offender provision, does not alter the conclusion that a Guidelines error does not constitute a 'fundamental defect' or 'result in a complete miscarriage of justice." *Id*. (citing *Spencer*, 773 F.3d at 1142). Therefore, Petitioner's claim that he erroneously received a career offender sentencing enhancement is not cognizable on his Section 2255 motion.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

If a court denies a collateral motion on the merits, this standard requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner cannot meet either of these standards and, therefore, a certificate of appealability in this case should be denied.

### CONCLUSION

For the reason discussed herein, it is **RECOMMENDED** that the Government's motion to dismiss (Doc. 77) be **GRANTED** and Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 74) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 7th day of March, 2025.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge